FROM: 81518053
TO:
SUBJECT: Letter motion
DATE: 05/18/2014 09:23:02 PM

Andrew Goodman
81518-053
MDC Brooklyn
PO BOX 329002
Brooklyn, NY 11232

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 20 2014 ★

BROOKLYN OFFICE

Re: United States v. Andrew Goodman
Docket No. 12-CR-614

To: Honorable Judge Margo Brodie

Dear Judge Brodie,

I am still awaiting the return of my reply along with the suggestions of both Counsels assigned to my case. I am frustrated with the delay and am embarrassed by the need for more time. I have submitted in the meantime additional motions requesting bail and a review of the grand jury minuets, as well as a supplemental motion to dismiss. I apologize if it unorthodox, submitting motions while the court is still awaiting my reply, I can not however, move any quicker in that regard due to the fact that the delay is not of my own doing. I have also submitted a motion in the past for a private investigator, which the court denied, but I was told may be readdressed if my needs were not met by the federal defenders office in regard to this issues. I have spoken with Counsel Padden on this topic several times and plan to readdress it with the paralegal assigned to my case, when I see him. He should be coming to see me this upcoming week. Admittedly, when I last saw Counsel Padden I forgot to readdress the issue. I only bring it up now because so much time has elapsed waiting for my reply, and instead of being "dead" time it could have been put to better use, namely being used to investigate the matter. I am concerned that in the future, should this issue arise I may be penalized for not addressing it *sooner*, therefore I am mentioning it now. I can not prepare for trial with out an investigator. I respectfully ask that I be granted an additional thirty day extension for my reply and apologize for the inconvenience, as well as filing additional motions while the court waits for me; thank you.

Dated: 5/19/14

Respectfully submitted,

Andrew Goodman

FROM: 81518053
TO:
SUBJECT: motion to dismiss
DATE: 05/18/2014 07:35:44 PM

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 20 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITES STATES OF AMERICA

        plaintiff,

vs.                          Docket NO 12-CR-614

ANDREW GOODMAN
        defendant.
-----------------------------------X

## MOTION TO DISMISS

    Please take notice that the defendant Andrew Goodman hereby moves before the Honorable Judge Margo Brodie, USDC located in the Eastern District, Brooklyn NY to be heard as soon as possible on this motion to dismiss. Furthermore, the defendant requests that this motion be entered as a supplement to be heard prior to the pending motion to dismiss, as it contains a jurisdictional issue, the outcome of which could result in the dismissal of the instant case, rendering all other pending motions moot.

    In support of same a brief is attached.

Dated 5/19/14

By: *Andrew Goodman*
Andrew Goodman, Pro-Se.
81518-053
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

FROM: 81518053
TO:
SUBJECT: Brief in support of dismissal
DATE: 05/18/2014 09:01:55 PM

Andrew Goodman
81518-053
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

May 19th, 2014

To: Honorable Judge Margo Brodie
Re: Unites States v. Goodman
    Docket No. 12-CR-614

Dear Judge Brodie,

Please accept this letter brief in lieu of a more formal brief in support of this motion to dismiss. This motion should be heard prior to the pending motion to dismiss presently before the court, as this motion contains a jurisdictional issues. If this motion is decided in favor of the Defendant than it would render any pending issues moot.

## FACTS/BACKGROUND

Rather then rehashing all of the facts and background of this case, I will address only the issues at hand, namely jurisdiction. The court is aware of the background in this case from all the pending issues filed. Jurisdiction is defined as court's authority to hear a wide range of cases, civil and criminal, that arise within it's geographic area. According to this definition of jurisdiction it would mean that the Federal courts exercise their right to indict the defendant based on the fact that the crime either occurred in more than one state or across state lines.

The complaint and arrest warrant claims that the defendant took the complainant across state lines from the state of New York to the State of New Jersey with the intent to engage in illegal sexual activity. One of the issues of jurisdiction in this case is that the intent be formed in New York. Another issue that needs to be proven is that the Defendant transported the complainant across state lines. The third issue would be to show that the complainant was transported against his will. The fourth is that the complainant's parent's were aware of the trip.

In the complaint and affidavit in support of the arrest states many facts. The first one being that the probable cause to arrest the defendant was-"On or about June 22nd 2012 the defendant pleaded guilty to 23 counts of Criminal sexual act in the second degree...."-his New York State conviction, which a motion to vacate is now pending before the New York State Court that sentenced him.

The sworn complaint also states in paragraph 5 (c): "On February 13, 2010 Goodman took John Doe 1 who was at the time 15 years old on a trip from Brooklyn New York to Atlantic City, New Jersey, along with two of Goodman's friends." This is not a true statement as the defendant does not own a car or posses a driver's license. Thus, the Defendant DID NOT take the complainant anywhere, none-the-less across state lines. Furthermore, this statement also claims that two additional people were present on this trip, one of which was the driver and owner of the vehicle, thus it was not the Defendant that transported the complainant.

The statement ends the paragraph with "John Doe 1's parents were unaware of this trip. If the Government had done a proper investigation it would have found that the complainant WAS in contact with his parents while in New Jersey. The compliant fails to mention how the complainant got home from the state of New Jersey, and that he was dropped off at his brother's house, who lives in Lakewood, New Jersey, and who paid for the complainants' bus fair home, making it impossible that his parents were unaware of the trip as it states.

The next claim contained in the complaint in paragraph 5 (d) states: "Prior to traveling, one of Goodman's friends got hotel reservations for two rooms at an area hotel on February 13, 2010 and one room at the Trump Taj Mahal hotel and casino on February 14th, 2010". Thus, the necessary intent in order for there to be federal jurisdiction, can not be justified, given the Government acknowledges that the preparation for the trip was not done by the Defendant, specifically acquiring the hotel reservations.

The claims continues by stating "They did not get two rooms at the Taj Mahal because Goodman or his friends did not want to pay for a separate room." Therefore the claim made regarding the first hotel room where it states "John Doe 1 indicated that his understanding was that they obtained two hotel reservations at the first hotel so that Goodman and John Doe 1 could share one room...." has no validity, and the Government offers none. What exactly led to this "understanding"? The government has no evidence to support this claim. The fact that the room had two separate beds as stated in paragraph 5 (f) would indicate NO intent for sexual activity" and the fact that "they did not get two hotel rooms...." in regard to the second night also indicates a lack of intent, because had there been intent, both nights "Goodman's or his friends" would have purchased separate hotel rooms, and according to the complaint in paragraph 5 (h) "all four stayed in the same room". Again, had there been prior intent, two separate rooms would have been purchased on both nights, not just the one.

ARGUMENT

The Government's own complaint clearly states that the defendant was not the person that caused or took the complainant across state lines. To add to this the complainant had every right and ability to refuse to get in the car. The initial trip to New Jersey was planned, not by the Defendant, but by the other "two friends". These two planned the trip and

asked the Defendant and the complainant separately, if they would like to join them. They both accepted.

Thus, the defendant had nothing to do in the planning of the trip, the transportation, the hotel reservations, or any other part of the trip. Again, there is no intent or inducement on behalf of the Defendant for the complainant to cross state lines, therefore the Government lacks jurisdiction in the instant matter. Because of these facts stated supra warrants an complete inspection and review of the methods used to obtain the Grand Jury indictment.

Furthermore, if the Government claims that count one of the indictment grants federal jurisdiction in this case, ignoring that count two was the arresting complaint, it should be noted that the Government handed over telephone records that DO NOT show any communication with the Defendant and the complainant, and there are no recordings in support of the claim either. The records used were insufficient in obtaining an indictment, since they show nothing. The Government could not have established an interstate nexus with these call logs, as they do not show who the Defendant called or received calls from, and therefore lack federal jurisdiction. This too, is but another reason warranting a review of the methods used in obtaining the indictment.

## CONCLUSION

The Defendant respectfully requests that the honorable Judge Margo Brodie review all the fact at hand, while doing same, keep in mind that the facts used by the Government were not accurate or concise. There is no conclusive evidence that the Defendant broke any laws regarding the crossing of state lines. Thus, this case has no federal jurisdiction. To the best of the knowledge and belief of the Defendant, the indictment would appear to be defective, warranting a dismissal, as there is no conclusive evidence to support the allegations or support the issue of jurisdiction. Given the allegations, the only jurisdiction could have been state jurisdiction, not federal.

Respectfully submitted,

Andrew Goodman

Andrew Goodman 81518?053
MDC Brooklyn
PO Box 329002
Brooklyn NY 11232

NEW YORK NY 100
19 MAY 2014 PM 13 L

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Legal Mail

11201183299