

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EWS:AJM

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 1, 2026

<u>By ECF</u>

The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Andrew Goodman
> <u>Criminal Docket Number 12-614 (MKB)</u>

Dear Chief Judge Brodie:

The government respectfully submits this letter in opposition to the defendant's request for early termination of supervised release. ECF No. 99 (the "Motion"). After conferring with the United States Probation Office ("Probation"), the government understands that Probation opposes the Motion.  The government agrees. Neither the defendant's conduct nor the interests of justice warrant early termination of supervised release.  Accordingly, the Court should deny the Motion.

I.  <u>Background</u>

On January 22, 2015, the defendant pled guilty to count one of a two-count indictment charging coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). ECF No. 67. The defendant was subsequently sentenced on October 16, 2025 to 120 months' imprisonment and 10 years' supervised release. ECF No. 78.

The underlying conduct began in 2007, when the defendant engaged in repeated sexual abuse of Victim 1 and Victim 2. On June 22, 2010, the defendant pled guilty in Kings County Supreme Court to 23 counts of Criminal Sexual Act in the Second Degree and 25 counts of criminal Sexual Act in the Third Degree and was sentenced to two years imprisonment. Following his release from imprisonment on the state sentence, the defendant was charged federally with violations of 18 U.S.C. §§ 2422 and 2423.

Since the commencement of the defendant's term of supervised release on June 16, 2021, the defendant sustained two violations of supervised release which are the subject of the instant matter. Charge 1 alleges the defendant failed to comply with sex offender treatment

and Charge 2 alleges the defendant engaged in new criminal conduct including Aggravated Harassment. The defendant's supervised release period is set to expire on June 15, 2031.

II.      The Court Should Deny the Defendant's Motion

The defendant argues that early termination of his term of supervised release is appropriate because the defendant is in compliance with the conditions of his supervised release. In support of this argument, the defendant offers that he "has been employed, lived independently, and participated in his court-mandated mental-health treatment," and, therefore, "after five years' supervision, another five years is unnecessary to achieve supervised release's aims of rehabilitating Mr. Goodman and protecting the community's safety." ECF No. 99 at 1.

For the reasons described below, the Motion should be denied.

A.  Applicable Law

Section 3564(c) provides that a court may, after considering the Section 3553(a) factors, terminate a term of probation previously ordered and discharge the defendant following completion of at least one year of probation if the court is "satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

In deciding whether to grant early termination of probation, the Court considers the "factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable." 18 U.S.C. § 3564(c).  "Early termination is not warranted where a defendant did nothing more than that which he was required to do by law." See United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (collecting cases). In the analogous context of early termination of supervised release, "[c]ourts in the Second Circuit have routinely held mere compliance with the terms of supervised release does not qualify one for early termination." United States v. Dent, No. 15-CR-606 (WFK), 2023 WL 2087993, at *2 (E.D.N.Y. Feb. 17, 2023); see also United States v. Weiss, No. 21-CR-457 (PMH), 2022 WL 3214914, at *3 (S.D.N.Y. Aug. 9, 2022); United States v. Stein, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020); United States v. Kassim, No. 15-CR-554 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020); United States v. Melvey, No. 07-CR-055 (ADS), 2018 WL 6624193, at *2 (E.D.N.Y. Dec. 18, 2018); United States v. Bastien, 111 F. Supp. 3d 315, 321–22 (E.D.N.Y. 2015).

Similarly, probationary conduct that "'is apparently unblemished . . . cannot be sufficient reason to terminate . . . since, if it were, the exception would swallow the rule.'" See United States v. Popescu, No. 24-CR-92 (SJB), 2025 WL 1906983, at *2 (E.D.N.Y. July 10, 2025) (quoting United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)). Even in situations where a defendant demonstrates "exemplary conduct throughout [a] term of [supervision]," that conduct does not necessarily warrant early termination. Dent, 2023 WL 2087993, at *3 (collecting cases).

B.  Discussion

Early termination of the defendant's 10-year term of supervised release is not warranted by the factors set forth in Section 3553(a) or in the interests of justice. The defendant

2

argues that he is entitled to termination five years early because he has generally complied with half the Court-ordered supervision period.

The defendant's motion, however, overstates the defendant's compliance with his supervised release terms. As noted in a violation report dated September 11, 2025, the defendant violated his condition of supervised release requiring participation in sex offender treatment. Specifically, the defendant was unsuccessfully discharged from his sex offender treatment program after becoming combative, threatening, and physically aggressive with program staff. Such conduct does not constitute good behavior, let alone justify early termination. Rather, it demonstrates that continued supervised release is necessary to ensure the defendant's compliance with his conditions of supervised release and the safety of the community. Even if the government were to accept that, since his unsuccessful discharge, the defendant has been engaged in a new treatment program, this fact does not absolve the defendant from responsibility for the pending violation or constitute the degree of compliance necessary to justify the early termination of supervised release. Similarly, stable housing and gainful employment do not warrant early termination.  Nor does "good behavior." See, e.g., Gonzales, 2015 WL 4940607, at *1; see also Dent, 2023 WL 2087993, at *2-3 (same).

III.    Conclusion

For the foregoing reasons, the government respectfully submits that the Court should deny the defendant's motion for early termination of supervised release.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    _____
Ashlyn Miranda
Assistant U.S. Attorney
(718) 254-6024

3